*H. B. Moss,* for plaintiff in error. *D. W. Blair,* contra.

---

## RHODES *v.* THE STATE.

1. It was not error to charge: "Wherever a person kills another, and kills him with an intention to kill him, that intention is malice itself, if it is a deliberate intention unlawfully to take human life."

2. In view of the whole charge, and when considered in connection with its context, and with the evidence in the case, the following instruction was not erroneous, viz: "That which was justifiable on the part of the deceased person, and so known to the slayer, can not be legal provocation to the slayer. In other words, if a person does an act which [he] is justifiable under the law in doing—if a person shoot and kill another because the deceased did some act that he was

justifiable in doing under the law, that would not constitute any legal excuse for the killing."

3. The evidence authorized the verdict, and the court did not err in refusing to grant a new trial.

Argued December 20, 1909.—Decided January 11, 1910.

Indictment for murder. Before Judge Lewis. Greene superior court. October 18, 1909.

*Park & Park,* for plaintiff in error. *John C. Hart, attorney-general,* and *Joseph E. Pottle, solicitor-general,* contra.

Fish, C. J. Will Rhodes was convicted of murder, with a recommendation to life imprisonment, for the killing of Lucius Cooper. His motion for a new trial being overruled, he excepted. The original motion contained only the general grounds, that the verdict was contrary to law, contrary to the evidence, and without evidence to support it.

1. The first ground of the amended motion complains that the court erred in charging the jury as follows: "Wherever a person kills another, and kills him with an intention to kill him, that intention is malice itself, if it is a deliberate intention unlawfully to take human life." The exceptions to this instruction are: (1) "That under the laws of Georgia an intention to kill another is not malice per se as set forth in said charge." (2) "There must be some other facts connected with the killing, to show malice or from which malice may be inferred." Under the evidence in this case, the charge excepted to was not erroneous. "Express malice is that deliberate intention unlawfully to take away the life of a fellow-creature, which is manifested by external circumstances capable of proof." Penal Code, §61. A deliberate intention on the part of the accused to unlawfully take away the life of Lucius Cooper, whom he killed, was amply manifested according to the evidence submitted in behalf of the State, which was to the effect that the accused shot the deceased at night, through a window, while the latter was standing in his house and at the time was making no effort to harm the accused. See *Nathan* v. *State,* 131 *Ga.* 48 (61 S. E. 994).

2. The second ground of the amended motion is, that the court erred in giving to the jury the following instruction: "That which was justifiable on the part of the deceased person, and so known to the slayer, can not be legal provocation to the slayer. In other

words, if a person does an act which [he] is justifiable under the law in doing—if a person shoot and kill another because the deceased did some act that he was justifiable in doing under the law, that would not constitute any legal excuse for the killing." The exceptions to this instruction are: (1) "There was no evidence in said case to justify said charge." (2) "Said charge . . virtually shut off the defense of the defendant in said case, for the reason that he contended that he shot at the deceased at the time of the killing because the deceased was pursuing him and shooting at him, and he shot at the deceased for the purpose of protecting his own life, or under circumstances that led him to believe that his own life was in danger or that a felony was about to be committed on him by the deceased." (3) "Said charge was error also for the reason that it intimated to the jury that the defendant was in the house of the deceased for the purpose of committing an act of adultery with [his wife], when all the evidence for the State showed that no such act was contemplated by the defendant" or the wife of the deceased, "but that he was there for the purpose of keeping out of a rain." The charge here excepted to states, in substance, a correct abstract legal principle, and, when taken in connection with its context and the charge as a whole and the evidence in the case, we do not think it fairly subject to the criticisms urged against it. According to the testimony of the wife of the deceased, he returned to his home, a one-room house, about midnight, finding his wife and the accused in the room, which was dark, she being in her nightgown. After greeting his wife and putting down some bundles, he heard a noise made by the accused and asked who it was. His wife replied that it was "Will." The deceased asked the accused what he was doing there, and the accused, without making any reply, fled from the house. The deceased fired his pistol one time, but whether at the accused or not does not plainly appear. The accused, after having left the house a sufficient length of time to have gotten away, returned and shot the deceased through a window, just after his wife had struck a match to light a lamp, and the deceased died almost immediately from the wound. In instructing the jury as to the theory of self-defense set up by the accused, the court gave in charge the substance of section 70 of the Penal Code in reference to justifiable homicide, following this with a statement of the doctrine of reasonable fears as set forth in section 71, and

then immediately gave the instruction now under consideration. Then came this further instruction: "In order to justify in killing or attempting to kill with a deadly weapon, some element of defense must enter into the homicide, or must enter into the attempt to commit a homicide; some element of defense against some impending danger, which is either actual or apparent at the time of the killing, or the attempt to kill. A person would not be justified in killing another person to avenge a past wrong, either a real wrong or an imaginary wrong. The killing or attempt to kill must be a defense against danger pending or apparently pending at the time. To justify one to shoot with intent to kill, upon the ground that the shooting was done to protect his wife, and to prevent the person assaulted from having illicit intercourse with her, it must appear from the evidence in the case it was necessary in order to prevent the illicit intercourse with the wife. . . If you believe the defendant acted under the fears of a reasonable man under the circumstances of the case, and took the life of the deceased under the influence of these fears, and not in a spirit of revenge, he would be justifiable under the law, and you should so find by your verdict; if you have any reasonable doubt of the defendant's guilt, give him the benefit of that doubt and acquit him."

3. The remaining ground of the amended motion, based upon the alleged disqualification of one of the jurors who tried the case, was expressly abandoned, upon the argument of the case in this court, by counsel for plaintiff in error. There was ample evidence to authorize the verdict, and the court did not err in refusing to grant a new trial.

*Judgment affirmed. All the Justices concur.*